**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

LAURA CLEMONS, an individual,

      Plaintiff,

v

PHIL'S BAR & GRILLE, LLC
a Michigan Limited Liability Company,
and PHILIP G. SUAVE, an Individual,

      Defendants.

Civil Action No.:

HON.

---

Bradley K. Glazier (P35523)
Robert M. Howard (P80740)
BOS & GLAZIER, P.L.C.
Attorneys for Plaintiff
990 Monroe Avenue, N.W.
Grand Rapids, MI 49503
(616) 458-6814

---

## COMPLAINT AND JURY DEMAND

Plaintiff Laura Clemons, by her counsel, Bos & Glazier, P.L.C., states her complaint against defendants Phil's Bar and Grille, LLC, and Philip G. Suave, as follows:

### JURISDICTIONAL ALLEGATIONS

1.    This is an action brought under the Fair Labor Standards Act ("FLSA") of 1938, as amended, 29 U.S.C. § 201, *et seq.,* and the Michigan Workforce Opportunity Wage Act, MCL 408.411, for defendants' failure to properly pay plaintiff her wages and tips*,* and an action for wrongful discharge brought under the Whistleblowers' Protection Act, MCL 15.361, *et seq.* violations, for terminating plaintiff following her report of health

00156646.WPD

code violations to the Allegan County Health Department.

2. This court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331, as it is a civil action arising under the laws of the United States. This court has pendent jurisdiction over plaintiff's claims under the Michigan Workforce Opportunity Wage Act and the Michigan Whistleblower Protection Act.

3. Plaintiff is a citizen of the United States and the State of Michigan, and she resides in Ottawa County.

4. Plaintiff was an individual employed by defendants and was a covered "employee" pursuant to 29 U.S.C. § 203(e).

5. Clemons is a person who performed a service for wages, and was a covered "employee" under the Whistleblowers' Protection Act, MCL 15.361(a).

6. Defendant Phil's Bar & Grill, LLC ("PBG") is a domestic limited liability company, and its principal place of business is located at 215 Butler Street, Saugatuck, MI 49453. It was a co-employer or a joint employer of the plaintiff with defendant Suave.

7. Defendant Philip G. Suave ("Suave") is the owner and manager of Phil's Bar & Grill.

8. Defendant Suave was a "person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). As such, Suave was a covered "employer" under the terms of the FLSA.

9. Defendants PBG and Suave were an "enterprise engaged in commerce or in the production of goods for commerce" as it had "employees engaged in commerce or in the production of goods for commerce" and "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 . . . ." 29 U.S.C. § 203(s)(1)(A).

As such, defendants were a covered enterprise under the terms of the FLSA.

10. Plaintiff Clemons was an "individual not less than 16 years of age employed by an employer on the premises of the employer or at a fixed site designated by the employer...", and was an "employee" pursuant to M.C.L. §408.412(c).

11. Defendants PBG and Suave were a "a person, firm, or corporation, including the state and its political subdivisions, agencies, and instrumentalities, and a person acting in the interest of the employer, who employs 2 or more employees at any 1 time within a calendar year" M.C.L. §408.412(d). As such, defendants were a covered enterprise under the terms of the Michigan Workforce Opportunity Wage Act.

12. Defendants PBG and Suave employed one or more employees and are a covered "employer" under the Whistleblowers' Protection Act, MCL 15.361(b).

13. Plaintiff Clemons performed services for wages and other remunerations for defendants and was a covered "employee" under the Whistleblowers' Protection Act, MCL 15.361(a).

14. The events giving rise to this cause of action occurred in the Western District of Michigan.

## **GENERAL ALLEGATIONS**

15. Plaintiff Clemons began her employment at PBG in 2004. She worked as a server in the bar and restaurant.

16. Until June 2020, servers were paid $4.00 an hour and allowed to keep all the tips they earned in a shift, with a small percentage tipped out to a hostess and bartender.

17. On or about June 9, 2020, the tip policy at PBG changed, requiring servers and bartenders to pool tips and divide the proceeds equally, and requiring the tips to be

shared with managers . The wage rate remained $4.00 per hour.

18. The managers of PBG are Phil Suave and Brandy Pearce. Upon information and belief, Phil Suave and Brandy Pearce are unmarried, but reside together and are in a long-term relationship with one another.

19. The assistant manager is Lisa Beckman.

20. Brandy Pearce often performed bartender duties while also exercising managerial responsibilities at PBG.

21. Lisa Beckman often performed hostess duties while also exercising managerial responsibilities at PBG.

22. When Clemons and other servers worked with Pearce and Beckman, they were required to share their tips with the manager and assistant manager.

23. On or about June 29, 2021, defendants held a company meeting regarding the tip pooling. The servers expressed their frustration with the required pooling of tips. Suave and Pearce told the servers that the new policy was not going to change.

24. Near the end of July 2021, plaintiff Clemons discovered that some employees had COVID-19, COVID-19 symptoms, or had been in contact with confirmed COVID-19 cases, but were allowed to continue to report to work and serve customers.

25. Clemons also discovered that Pearce had COVID-19 symptoms, but refused to get tested. Pearce reported to work with COVID-19 symptoms and served customers.

26. On August 3, 2021, concerned for the safety of herself and the public, Clemons called the Allegan County Health Department to ask about COVID-19 guidelines and report the unsafe working conditions created by the actions of PBG staff.

27. Emily Warren at Allegan County Health Department spoke with Clemons and obtained the contact information for PBG and Suave. Upon information and belief, the Allegan County health department contacted PBG about their COVID-19 protocol.

28. Clemons told other staff that she called the health department.

29. On the morning of August 7, 2021, Suave called Clemons. Suave told Clemons that she was terminated.

30. Suave followed up the call with a text message that stated "Just so we are clear, you are no longer an employee at Phil's Bar & Grille." (Exhibit 1).

31. Pearce notified other employees that PBG had to "let an employee go that has been a negative problem for a long time. She is now making accusations that Phil's is an unsafe place of employment." (Exhibit 2).

32. Clemons was harmed as a result of defendant's termination of her employment.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT
**(Violation of Tip Credit)**

33. Plaintiff incorporates by reference paragraphs 1 through 32 as fully set forth herein.

34. Defendants PBG and Suave were an "enterprise engaged in commerce or in the production of goods for commerce" as it had "employees engaged in commerce or in the production of goods for commerce" and "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 . . . ." 29 U.S.C. § 203(s)(1)(A). As such, defendants were a covered enterprise under the terms of the FLSA.

35. Plaintiff was an individual employed by defendants, and she was a covered "employee" pursuant to 29 U.S.C. § 203(e).

36. Defendants claimed a tip credit under the FLSA so that they could pay employees less than the federal and state minimum wage.

37. Defendants did not inform tipped employees of the provisions of the FLSA regarding the defendants' claiming of a tip credit and the employees' right to retain all tips received by the employee, in violation of 29 U.S.C. § 203(m).

38. Defendants required plaintiff and other employees to share tips in a pool with managers.

39. 29 U.S.C. § 203(m)(2)(B) states that "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

40. PBG and Suave's requirement that Clemons and other employees share tips with managers violated the FLSA.

41 As a result of defendants' willful violations, plaintiff is entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

WHEREFORE, plaintiff Laura Clemons respectfully requests this court to enter a judgment in her favor and against defendant as follows:

    A.    Legal Relief

        (1)    Compensatory damages for her wages earned;

        (2)    Compensatory damages for her unpaid tips;

        (3)    Liquidated damages equal to the amount of compensatory damages awarded; and

  (4) An award of interest, costs, and reasonable attorney fees and expert witness fees.

 B. Equitable Relief

  (1) An injunction prohibiting any further acts of wrongdoing and failure to pay wages or overtime wages;

  (2) Whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT II
### Failure to Pay Minimum Wage - M.C.L. §408.414

42. Plaintiff restates and incorporates the following allegations as if fully rewritten herein.

40. Defendants claimed a tip credit so that they could pay servers less than the minimum wage.

41. Defendants required plaintiff to share tips with managers.

42. The Michigan Workforce Opportunity Wage Act, M.C.L. §408.411, *et seq*. requires that employers be paid not less than minimum wage as determined by an inflation index (currently $9.65/hour) for all hours worked.

43. Because defendants required plaintiff to share her tips with managers, defendants were not entitled to a tip credit and failed to pay plaintiff minimum wage.

44. By not paying plaintiff at least minimum wage for each hour worked, defendants have violated M.C.L. §408.414.

45. As a result of defendants' violations, plaintiff is entitled to damages, including, but not limited to unpaid wages, liquidated damages, costs, and attorney fees pursuant to M.C.L. §408.419.

WHEREFORE, plaintiff Laura Clemons respectfully requests this court to enter a judgment in her favor and against defendant as follows:

A. Legal Relief

(1) An award of damages under M.C.L. §408.419, based on Defendants' failure to pay minimum wages, liquidated damages, plus attorneys' fees and costs;

(2) Compensatory damages for her unpaid tips;

(3) Liquidated damages equal to the amount of compensatory damages awarded; and

(4) An award of interest, costs, and reasonable attorney fees and expert witness fees.

B. Equitable Relief

(1) An injunction prohibiting any further acts of wrongdoing and failure to pay wages or overtime wages;

(2) Whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT III
### VIOLATION OF WHISTLEBLOWERS' PROTECTION ACT
**(Termination for Reporting a Violation of Law)**

46. Plaintiff Clemons incorporates by reference paragraphs 1 through 45 as fully set forth herein.

47. Clemons, as a person who performed a service for wages, was a covered "employee" under the Whistleblowers' Protection Act, MCL 15.361(a).

48. Defendants PBG an Suave had 1 or more employees and were a covered "employer" under the Whistleblowers' Protection Act, MCL 15.361(b).

49. Allegan County Health Department is a public body as defined by MCL 15.361.

50. MCL 419.405(2) states that:

An employee who displays the principal symptoms of COVID-19 but has not yet tested positive shall not report to work until 1 of the following conditions are met:

(a) A negative diagnostic test result has been received.

(b) All of the following apply:

>    (i) The isolation period has passed since the principal symptoms of COVID-19 started.
>
>    (ii) The employee's principal symptoms of COVID-19 have improved.
>
>    (iii) If the employee had a fever, 24 hours have passed since the fever subsided without the use of fever reducing medication.

51. Upon information and belief, employees with the knowledge of management, and management reported to work at PBG with COVID-19 symptoms.

52. Plaintiff Clemons reported a suspected violation of The COVID-19 Employment Rights Act of 2020 ("CERA") MCL 419.401 *et seq* to the Allegan County Health Department.

53. MCL 408.1009 states that "The safety, health, and general welfare of employees are primary public concerns. The legislature hereby declares that all employees shall be provided safe and healthful work environments free of recognized hazards."

54. COVID-19 symptoms are a recognized hazard.

55. By allowing employees and managers with COVID-19 symptoms to work, defendants did not provide a safe and healthful work environment.

56. Defendants were aware of Clemons' report to Allegan County Health Department.

57. Defendant violated the Whistleblowers' Protection Act when it terminated Clemons' employment because she "report[ed] or [was] about to report, verbally or in writing, a violation or a suspected violation of a law or regulation or rule promulgated pursuant to law of this state," or because was "requested by a public body to participate in an investigation, hearing, or inquiry held by that public body." MCL 15.362.

WHEREFORE, plaintiff respectfully requests this court to enter a judgment in her favor and against defendants as follows:

A. Legal Relief

    (1) Compensatory damages in whatever amount she is found to be entitled;

    (2) A judgment for lost wages, past and future, in whatever amount he is found to be entitled;

    (3) An award for the value of lost fringe benefits, past and future;

    (4) An award of interest, costs, reasonable attorney fees and expert witness fees.

B. Equitable Relief

    (1) An order compelling PBG to reinstate Clemons to her former position;

    (2) An injunction prohibiting any further acts of wrongdoing, discrimination, or retaliation;

    (3) Whatever other equitable relief appears appropriate at the time of final judgment.


BOS & GLAZIER, P.L.C.
Attorneys for Plaintiff

Dated: November 4, 2020       By:   */s/ Bradley K. Glazier*
                                    Bradley K. Glazier (P35523)
                                    Robert M. Howard (P80740)

                              BUSINESS ADDRESS:
                                    990 Monroe Avenue, N.W.
                                    Grand Rapids, MI 49503
                                    (616) 458-6814

## JURY DEMAND

Plaintiff, Laura Clemons, by and through her attorneys Bos & Glazier, P.L.C., requests a trial by jury.

BOS & GLAZIER, P.L.C.
Attorneys for Plaintiff

Dated: November 4, 2021       By:   */s/ Bradley K. Glazier*
                                    Bradley K. Glazier (P35523)
                                    Rob M. Howard (P80740)

                              BUSINESS ADDRESS:
                                    990 Monroe Avenue N.W.
                                    Grand Rapids, MI 49503
                                    (616) 458-6814